IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**KISHEN WOODS, SR.,**

                **Plaintiff,**

     v.                                    CASE NO. 21-3065-SAC

**SAM A. CROW,**

                **Defendant.**

### MEMORANDUM AND ORDER

Plaintiff, a person held at the Larned State Hospital, brings this civil action, which he identifies as an employment discrimination claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq.[1]. Plaintiff proceeds pro se and seeks leave to proceed in forma pauperis.

### Nature of the complaint

The complaint does not identify any type of employment or any specific allegation of discrimination. Instead, he broadly states that he wrote his own motion and has served 100 months. He also refers to an action under 28 U.S.C. § 2254[2], but he provides no specific information concerning that action. Although plaintiff states that a right to sue letter is attached, there is no attachment to the complaint form. Rather, plaintiff makes bare allegations concerning his conviction and time in prison and cites

---

[1] Plaintiff brings this action under Case No. 11 CR 3340. In that action, a criminal case brought in the District Court of Sedgwick County, Kansas, plaintiff was convicted of first degree murder and criminal possession of a firearm. *State v. Woods*, 348 P.3d 583 (Kan. 2015). The criminal action provides no grounds for a complaint of employment discrimination.

[22] Petitioner has filed at least three petitions under Section 2254. Most recently, a petition under that section was dismissed by the court as successive. *Woods v. State*, 2021 WL 1056535 (D. Kan. Mar. 19, 2021).

a failure to hire.

## Discussion

A complaint filed *in forma pauperis* may be dismissed if it fails to state a claim upon which relief may be granted. *See* 28 § 1915(e)(2)(B). "Dismissal of a *pro se* complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999). When reviewing a complaint's sufficiency, the court "presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

Because plaintiff proceeds *pro se,* the court liberally construes his pleadings and holds them "to a less stringent standard than formal pleadings drafted by lawyers." *Id.* at 1110. However, "[t]he broad reading of the plaintiff's complaint does not relieve [plaintiff] of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id.*

In the complaint, plaintiff makes no plausible claim to show that he was subjected to employment discrimination. Although he cites a failure to hire (Doc. 1, p. 3), he does not provide any supporting facts or explanation of how this occurred.

Next, the undersigned judge notes that he is the sole defendant named in this employment discrimination action. Generally, a judge shall disqualify himself if he "[i]s a party to the proceeding." 28 U.S.C. § 455(b)(5)(i). This provision mandates recusal when a judge "[i]s a named defendant in the action before

[him]." *Akers v. Weinshienk*, 350 F. App'x 292, 293 (10th Cir. 2009)(unpublished). However, "[a] judge is not disqualified merely because a litigant sues or threatens to sue him." *Id*. (quoting *United States v. Grismore*, 564 F.2d 929, 933 (10th Cir. 1977), *cert. denied*, 435 U.S. 954 (1978); *see also Anderson v. Roszkowski*, 681 F.Supp. 1284, 1289 (N.D. Ill. 1988), *aff'd*, 894 F.2d 1338 (7th Cir. 1990)(Table)(stating that § 455(b)(5)(i) has not been construed to require automatic disqualification, and to guard against judge-shopping, "courts have refused to disqualify themselves under Section 455(b)(5)(i)) unless there is a legitimate basis for suing the judge")(citations omitted); *United States v. Studley*, 783 F.2d 934, 940 (9th Cir. 1986)("a judge is not disqualified by a litigant's suit or threatened suit against him")(citations omitted); *In re Murphy*, 598 F.Supp. 2d 121, 124 (D. Me. 2009).

In this case, the court finds no basis to recuse. The plaintiff's allegations are entirely unsupported, and it is apparent that his identification of the defendant is either an effort to judge-shop or a misunderstanding of the fundamental nature of an employment discrimination action. Likewise, because it does not appear that plaintiff could cure the primary defect identified in this matter, namely, a complete lack of factual and legal support, the court concludes it is appropriate to dismiss this matter without allowing him the opportunity to amend the complaint. *See McKinney v. Okla., Dep't of Human Servs.*, 925 F.2d 363, 365-66 (10th Cir. 1991)(stating that dismissal with prejudice is appropriate when the defendants are immune from suit and amendment of the complaint would be futile).

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff's motion to

proceed in forma pauperis (Doc. 2) is granted.

IT IS FURTHER ORDERED this matter is dismissed for failure to state a claim for relief.

IT IS FURTHER ORDERED plaintiff's motion to appoint counsel (Doc. 4) is denied as moot.

**IT IS SO ORDERED.**

DATED:  This 3d day of May, 2021, at Topeka, Kansas.


S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge